UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN G. KNICKERBOCKER,
      Plaintiff,

v.                                                       Case No. 18-C-705

CHUCK STERTZ,
JONATHAN ZEISSER,
STEVEN D. JOHNSON,
DANA J. JOHNSON,
HEATHER KAVANAUGH,
M. HEENEN, AND
JASON DEMERATH,
      Defendants.

## SCREENING ORDER

Plaintiff Steven G. Knickerbocker, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his civil rights. This decision resolves plaintiff's motion for leave to proceed without prepayment of the filing fee and screens his complaint.

### I. Motion for Leave to Proceed without Prepayment of the Filing Fee

The Prison Litigation Reform Act applies to this case because plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once plaintiff pays the initial partial filing fee, the court may allow him to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 22, 2018, I ordered the plaintiff to pay an initial partial filing fee of $5.90. Plaintiff paid that fee on June 4, 2018. Therefore, I will grant plaintiff's motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening Plaintiff's Complaint

### A. Federal Screening Standard

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640

(1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### B. Plaintiff's Allegations

Plaintiff is incarcerated at the Redgranite Correctional Institution. He sues: Outagamie County Assistant District Attorney Chuck Stertz; Brown County Assistant District Attorney Dana J. Johnson; Attorney Steven D. Johnson; Attorney Heather B. Kavanaugh; M. Heenen, who works for the Outagamie Sheriff's Department; Jonathan Zeisser, an investigator who works for the Supreme Court of Wisconsin; and City of Ashwaubenon Officer Jason Demerath.

Plaintiff alleges that defendant Dana Johnson, out of personal hatred and revenge toward plaintiff, violated his rights in various ways, related to "case # 2017-CF-399." (ECF No. 1 at 2.) Dana Johnson called Calumet County District Attorney Nathan F. Haberman and told him that plaintiff was "guilty of all crimes." (*Id.*) The judge said that plaintiff was a danger to the community and sentenced him to three years for retail theft. Then, defendant Dana Johnson called the Outagamie County DA's Office looking for cases against plaintiff. Dana Johnson told them to use a false statement to bring charges into court. Defendant Stertz got defendant Heenan to insert a false statement, "which changed Grand Chute officers to Appleton officers and changing a car not owned by Knickerbocker to his car and changing giving consent to search which Knickerbocker told officers that he could not give consent for vehicle did not belong to him [sic]." (*Id.* at 2-3.)

3

Plaintiff alleges that Dana Johnson had his brother defendant Steven Johnson, who is a public defender, represent plaintiff. Defendant Steven Johnson told plaintiff the false statement would be fixed in court . Plaintiff filed a *pro se* motion with the court and "Chuck Stertz got Heather Kavanaugh to withdraw motion from the Judge's hand violating Knickerbocker's 14th right." (*Id.* at 3.)

Plaintiff alleges that Dana Johnson is "out for revenge" and plaintiff mentions several prior cases where Johnson allegedly used false statements against plaintiff. Plaintiff states, "So how can I have a fair trial if the DDA is falsifying stuff and Lawyer just sits there letting them do it." (*Id.* at 4.)

For relief, plaintiff seeks:

All my cases with Dana J. Johnson on the case removed from record and compensation for the cases with his name on them. All his cases should be reviewed. I can't be the only one Dana J. Johnson has done this to. Compensation for emotional and Physical damages this has caused Mr. Knickerbocker. Prosecution of Dana J. Johnson. A Federal investigation of the Public Defender's Office the DA's Office of every County in Wisconsin. Stop the use of Allegations to throw people in prison, for it is unconstitutional Stop throwing Fathers in prison for child support, find them a job Stop misusing Federal funds meant for prisons on what you want. Put Judges back in Power in the court rooms not the DA. Remove the Attorney General and have him investigated. Bring back Companies that Wisconsin has let move to other places re: Mexico. The Courts are not a playground for the Executive branch of Wisconsin. Time to change how this State is Run. I have asked for one Million in cash to the Attorney General of WI, for compensation. Want Dana J. Johnson investigated in all his cases, He thinks this is funny. Because DA's can make anything up and have someone arrested, and we wonder why this State's prisons are full. Everyone knows that Wisconsin just makes stuff up and throws you in Prison. Had a Judge threaten me in Green Bay and say his Stenographer was deaf after I sent a letter to the Judge, with evidence and Truth.

(*Id.* at 5.)

## C. The Court's Analysis

Plaintiff wants to have criminal convictions removed from his record and he seeks compensation for alleged unlawful convictions. Plaintiff claims that defendants, at Dana Johnson's behest, used false statements against him in court resulting in a criminal conviction. However, plaintiff's contention that his convictions are invalid because he was charged with a fabricated crime, or because fabricated evidence was used against him, are barred by *Heck v. Humphrey*, 512 U.S. 444 (1994). *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (explaining that *Heck* bars "allegations that are inconsistent with the conviction's having been valid").

An inmate who wants to challenge the validity of his confinement may do so by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004). I will dismiss plaintiff's complaint without prejudice. Once plaintiff has exhausted applicable state court remedies (such as appeal), he can consider whether he wants to file a federal habeas petition under 28 U.S.C. § 2254 or a claim for money damages under 42 U.S.C. § 1983. If plaintiff decides to file a federal habeas petition, he will have to demonstrate that he has "exhausted" his remedies, and he must make sure that he timely files his petition under 28 U.S.C. § 2244(d). The court will mail the plaintiff a *pro se* guide, Habeas Corpus: Answers to State Petitioners' Common Questions, along with this order.

## III. Conclusion

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

5

**IT IS FURTHER ORDERED** that that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the $344.10 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Clerk's Office mail plaintiff a *pro se* guide, Habeas Corpus: Answers to State Petitioners' Common Questions, along with this order.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2018.

                                                 s/Lynn Adelman
                                                 LYNN ADELMAN
                                                 United States District Judge